**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Richard Todd Culberson, Appellant.

Appellate Case No. 2014-001390

Appeal From Spartanburg County
Roger L. Couch, Circuit Court Judge

Unpublished Opinion No. 2015-UP-546
Submitted September 1, 2015 – Filed December 2, 2015

**AFFIRMED**

Appellate Defender Tiffany Lorraine Butler, of
Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Staff
Attorney Susannah Rawl Cole, both of Columbia; and
Solicitor Barry Joe Barnette, of Spartanburg, for
Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following
authorities: *State v. Moore*, 374 S.C. 468, 473, 649 S.E.2d 84, 86 (Ct. App. 2007)

("In criminal cases, an appellate court sits to review errors of law only. Thus, an appellate court is bound by the trial court's factual findings unless they are clearly erroneous." (citations omitted)); *id.* at 475, 649 S.E.2d at 87 ("On appeal from the denial of a directed verdict in a criminal case, an appellate court must view the evidence and all reasonable inferences in the light most favorable to the State."); *State v. Nesbitt*, 346 S.C. 226, 231, 550 S.E.2d 864, 866 (Ct. App. 2001) ("Attempt crimes are generally ones of specific intent . . . ."); *State v. Tuckness*, 257 S.C. 295, 299, 185 S.E.2d 607, 608 (1971) ("[Intent] can be proved only by expressions or conduct, considered in the light of the given circumstances. Intent . . . must ordinarily be proven by circumstantial evidence, that is, by facts and circumstances from which intent may be inferred." (citation omitted)); *id.* ("The question of the intent with which an act is done is one of fact and is ordinarily for jury determination except in extreme cases where there is *no evidence* thereon." (emphasis added)).

**AFFIRMED.**[1]

**FEW, C.J., and KONDUROS and LOCKEMY, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.